**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 24-cv-00001-GPG-STV

NATIONAL ASSOCIATION FOR GUN RIGHTS,
CHRISTOPHER JAMES HIESTAND RICHARDSON,
MAX EDWIN SCHLOSSER,
JOHN MARK HOWARD, and
ROCKY MOUNTAIN GUN OWNERS,

Plaintiffs,

v.

JARED S. POLIS, in his official capacity as Governor of the State of Colorado,

Defendant.

---

**THE GOVERNOR'S ANSWER TO THE FIRST AMENDED COMPLAINT**

---

The Hon. Jared S. Polis, in his official capacity as Governor of the State of Colorado, hereby submits this Answer to Plaintiffs' First Amended Complaint.

## I. ANSWER TO INTRODUCTION

1. The Defendant admits that Paragraph 1 quotes Joseph G.S. Greenlee, *The American Tradition of Self-Made Arms* ("*American Tradition*"), 54 St. Mary's L.J. 35, 66 (2023), but denies that source is accurate. The Defendant denies the remaining allegations in Paragraph 1.

2. The Defendant admits that Paragraph 2 accurately cites *VanDerStok v. Garland*, 86 F.4th 179, 185 (5th Cir. 2023), *overturned on other grounds in Bondi v. VanDerStok*, 604 U.S. 458 (2025). The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies them.

3. The Defendant admits that Paragraph 3 accurately cites the Court's discussion of the challenged rule in *VanDerStok v. Garland*, 86 F.4th 179, 185 (5th Cir. 2023), *overturned on other*

*grounds in Bondi v. VanDerStok*, 604 U.S. 458 (2025). The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies them.

4. Defendant admits that the Colorado General Assembly enacted C.R.S. § 18-12-111.5 in 2023. Defendant denies the remaining allegations in Paragraph 4.

5. Defendant admits the Colorado General Assembly passed HB 26-1144 in 2026. Defendant denies the remaining allegations in Paragraph 5.

6. Defendant admits that Colo. Rev. Stat. § 18-12-119 prohibits the manufacture of un-serialized firearms or firearm components using three-dimensional printers, CNC milling machines, or similar devices, apart from statutory exceptions. Defendant denies the remaining allegations in Paragraph 6.

## II. ANSWER TO PARTIES

7. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and therefore denies them.

8. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and therefore denies them.

9. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and therefore denies them.

10. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and therefore denies them.

11. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and therefore denies them.

12. The Defendant lacks knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 12 and therefore denies them.

13. The Defendant admits that Plaintiffs bring this suit against Jared Polis in his official capacity as Governor of Colorado. The Defendant admits that the Colorado Constitution states that the "supreme executive power of the state shall be vested in the governor, who shall take care that the laws be faithfully executed." Colo. Const. Art. IV, § 2. The Defendant denies that the Governor, in his official capacity, possesses authority to enforce (and control the enforcement of) the State's restrictions on privately manufactured firearms. The Defendant admits that Paragraph 13 accurately cites *Developmental Pathways v. Ritter*, 178 P.3d 524, 529 (Colo. 2008), but denies its applicability in federal court and denies the remaining allegations.[1]

14. The Defendant denies that the Governor, in his official capacity, possesses authority to enforce (and control the enforcement of) the Colo. Rev. Stat. § 18-12-111.5.

15. The Defendant denies that the Governor, in his official capacity, possesses authority to enforce (and control the enforcement of) the Colo. Rev. Stat. § 18-12-119.

## III. JURISDICTION AND VENUE

16. The Defendant denies the allegations in Paragraph 16, except admits that Plaintiffs purport to invoke the jurisdiction of this Court.

17. The Defendant denies the allegations in Paragraph 17, except admits that Plaintiffs

[1] The Governor, sued here in his official capacity, enjoys 11th Amendment sovereign immunity from any claims for prospective relief because he does not have both "a particular duty to enforce the statute in question and a demonstrated willingness to exercise that duty." *Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013) (quotations omitted); *see also Ex parte Young*, 209 U.S. 123, 157 (1908). However, for the purpose of defending Colorado's un-serialized gun parts restrictions against Plaintiffs' claims for declaratory and injunctive relief, the Governor agrees to waive his sovereign immunity and consents to be sued in this Court, only in this case, only in his official capacity, and only for prospective relief. *See MCI Telecomms. Corp. v. Pub. Serv. Comm'n of Utah*, 216 F.3d 929, 935 (10th Cir. 2000) ("[A] state may waive its sovereign immunity by consenting to suit in federal court.").

purport to invoke the jurisdiction of this Court.

18. The Defendant denies the allegations in Paragraph 18, except admits that Plaintiffs purport to invoke the jurisdiction of this Court.

## IV. GENERAL ALLEGATIONS

19. The Defendant admits that the Second Amendment to the U.S. Constitution establishes “the right of the people to keep and bear arms,” but denies that the sentence as written is complete.

20. The Defendant admits that the Second Amendment applies to the states.

21. The Defendant admits that Paragraph 21 accurately quotes *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1, 17 (2022).

22. The Defendant admits that Paragraph 22 accurately quotes *Heller*, 554 U.S. at 629, only in describing handguns as the “quintessential self-defense weapon.” The Defendant denies that *Heller,* 554 U.S. at 629, holds that “the right of law-abiding citizens to acquire them for the purpose of self-defense . . . is protected by the Second Amendment.” The Defendant admits that Paragraph 22 accurately quotes *American Tradition* at 39, but denies the remaining allegations.

23. The Defendant admits that Paragraph 23 accurately quotes *Wolford v. Lopez*, 609 U.S. (2026) at 7.

24. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and therefore deny them.

25. The Defendant denies the allegations in Paragraph 25, including because the Defendant does not know to what “[p]arts kits and privately manufactured firearms” Paragraph 25 refers.

26. The Defendant denies the allegations in Paragraph 26.

27. The Defendant denies the allegations in Paragraph 27.

28. The Defendant denies the allegations in Paragraph 28.

29. The Defendant denies the allegations in Paragraph 29.

30. The Defendant denies the allegations in Paragraph 30.

31. The Defendant admits that Paragraph 31 cites *American Tradition* at 36, but denies that source is accurate. The Defendant denies the remaining allegations.

32. The Defendant admits that Paragraph 32 cites *American Tradition* at 36, 78, but denies that source is accurate. The Defendant denies the remaining allegations.

33. The Defendant admits that Paragraph 33 cites *American Tradition* at 80, but denies that source is accurate. Otherwise, the Defendant lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 33 and therefore denies them.

34. The Defendant admits that Paragraph 34 accurately quotes *Rigby*, 630 F. Supp. 3d at 614 n.13.

35. The Defendant admits that 18 U.S.C.A. § 922(k) prohibits possessing or receiving "any firearm which has had the importer's or manufacturer's serial number removed, obliterated, or altered and has, at any time, been shipped or transported in interstate or foreign commerce." The Defendant further admits that the Court denied a challenge to the constitutionality of 18 U.S.C.A § 922(k) in *United States v. Avila*, 672 F. Supp. 3d 1137 (D. Colo. 2023). The Defendant denies the remaining allegations in Paragraph 35.

## V. FIRST CLAIM FOR RELIEF
## Right to Keep and Bear Arms
## U.S. Const., amends. II and XIV

36. The Defendant incorporates by reference his Answers to the forgoing paragraphs.

37. The Defendant admits that a violation of § 18-12-111.5, Colo. Rev. Stat., is a class 1 misdemeanor, except that a second or subsequent offense is a class 5 felony. The Defendant further

admits that violation of § 18-12-119, Colo. Rev. Stat., is a class 1 misdemeanor, except that a second or subsequent offense is a class 5 felony. The Defendant denies the remaining allegations in Paragraph 37.

38. The Defendant admits that the Second Amendment is applicable to Colorado via the Fourteenth Amendment. The Defendant denies the remaining allegations in Paragraph 38.

39. The Defendant admits that § 18-12-119, Colo. Rev. Stat., prohibits the manufacture or production of a firearm or certain firearm components by means of three-dimensional printing using a three-dimensional printer, CNC milling machine, or similar device, subject to the exceptions of § 18-12-119(1)(c). The Defendant denies the remaining allegations in Paragraph 39.

40. The Defendant denies the allegations in Paragraph 40.

## VI. ANWER TO PRAYER FOR RELIEF

The Defendant denies that Plaintiffs are entitled to any of the relief they seek, including, but not limited to, an injunction that extends beyond "each plaintiff with standing to sue." *Trump v. CASA, Inc.*, 606 U.S. 831, 861 (2025).

## AFFIRMATIVE DEFENSES

The Defendant asserts the following defenses, for the Defendant does not concede that they bear the burden of persuasion or proof.

A. Plaintiffs' claims against the Governor are barred by the Eleventh Amendment, absent a waiver of such immunity.

B. National Association for Gun Rights and Rocky Mountain Gun Owners lack standing to bring this lawsuit.

C. Colo. Rev. Stat. § 18-12-111 is not unconstitutional.

D. Colo. Rev. Stat. § 18-12-119 is not unconstitutional.

E. The Defendant reserves the right to assert additional affirmative defenses as appropriate.

Respectfully submitted this 4th day of September, 2026,

PHILIP J. WEISER
Attorney General

/s/ Peter G. Baumann

***Emily Burke Buckley***
First Assistant Attorney General
***Peter G. Baumann***
Senior Assistant Attorney General
***Samuel Wolter***
Assistant Attorney General
Colorado Department of Law
Ralph L. Carr Colorado Judicial Center
1300 Broadway
Denver, CO 80203
Telephone: 720.508.6000
Email: emily.buckley@coag.gov;
peter.baumann@coag.gov; samuel.wolter@coag.gov

*Attorneys for Governor Polis*